UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICOLE KINSWORTHY and JEREMY
KINSWORTHY,

          Plaintiffs,

v.                                                        Case No.:  2:19-cv-479-FtM-38MRM

AIG PROPERTY CASUALTY
COMPANY,

          Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant AIG Property Casualty Company's Motion to Dismiss the Complaint for Lack of Standing (Doc. 46), and Plaintiffs Nicole and Jeremy Kinsworthy's response in opposition (Doc. 56).  For the below reasons, the Court grants the motion.

This is an insurance dispute.  It started in 2017 when Hurricane Irma blew through town and damaged Brian and Jessica Massoll's roof.  The Massolls submitted an insurance claim to Defendant, their insurer.  Defendant, however, refused to pay for any repairs.  Meanwhile, the Massolls sold their home to Plaintiffs.

Now here's the wrinkle to this otherwise run-of-the-mill insurance dispute: the Massolls assigned their insurance claim to Plaintiffs as part of the sale.  (Doc. 4-1).  The

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

"Agreement for Assignment of Insurance Claim," attached to the Complaint, reflects the assignment.  (Doc. 4-1).  The Agreement reads, in pertinent part,

> [The Massolls] agree[] to pursue the claim for the Property and attempt to obtain a new roof for the Property and also attempt to have Universal Contracting of Florida receive payment for the new roof.  [The Massolls] will promptly give [Plaintiffs] any funds received from the insurance and hereby agrees to sign the Assignment of Benefits and Contract for Services in favor of Universal Contracting of Florida . . . without any representations on whether the insurance coverage is assignable or needs to be pursued by [the Massolls].  [The Massolls] make no representation whether their insurance company will determine whether a roof repair or replacement is necessary and covered by the policy.  [Plaintiffs] shall pay the deductible and any charges associated with the filing of the claim associated therewith and shall indemnify and hold harmless [the Massolls] from any and all costs, damages, expenses, injuries, charges, or liability incurred or associated with the claim or new roof.

(Doc. 4-1).

Plaintiffs now sue Defendant for breach of the insurance contract.  (Doc. 4). Although Defendant has answered the Complaint, it moves to dismiss for lack of standing. (Doc. 30; Doc. 46).

## LEGAL STANDARD

Defendant moves under Federal Rules of Civil Procedure 12(b)(1), (2), and (6). Because Defendant answered the Complaint, however, the Court need only consider Rule 12(b)(1).  *See* Fed. R. Civ. P. 12(h)(1)(B) (stating a party waives a Rule 12(b)(2) challenge to personal jurisdiction by not filing a motion or including it in the answer); *Smith v. Bank of Am., N.A.*, No. 2:11-CV-676-FTM-29DNF, 2014 WL 897032, at *9 (M.D. Fla. Mar. 6, 2014) (denying a Rule 12(b)(6) motion to dismiss as moot because it was filed a month after the answer); *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla.

2019) (stating "the Court may consider a motion to dismiss for lack of subject matter jurisdiction at any time").

To have Article III standing, a plaintiff must show he "(1) suffered an injury-in-fact (2) that is fairly traceable to the defendant's conduct and (3) is redressable by a favorable judicial decision." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019); *accord Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A defendant can contest standing either facially or factually. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.,* 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotation, citation, and alterations omitted). A factual attack challenges subject matter jurisdiction using material extrinsic from the pleadings. *Id.* Defendant seeks relief under both theories.

Florida law on assignments is also relevant to Defendant's motion because it dictates, at least in part, whether Plaintiff's suffered an injury. An assignment is "a contract between the assignor and the assignee." 3A Fla. Jur. 2d Assignments § 1 (2d ed. June 2020 update); *see also Lauren Kyle Holdings, Inc. v. Heath-Peterson Const. Corp.*, 864 So. 2d 55, 58 (Fla. 5th DCA 2003) ("An assignment is a transfer of all the interests and rights to the thing assigned."). An assignee thus "stands in the shoes of the assignor and may enforce the contract against the original obligor in his own name . . . Because an assignment vests in the assignee the right to enforce the contract, an assignor retains no rights to enforce the contract after it has been assigned." *Lauren Kyle*, 864 So. 2d at 58 (citations omitted).

When examining an assignment, courts also use Florida's rules of contract construction.  Under Florida law, a contract is interpreted "in accordance with its plain meaning." *Dear v. Q Club Hotel, LLC*, 933 F.3d 1286, 1293 (11th Cir. 2019) (quotation marks omitted).  "If a contract provision is clear and unambiguous, a court may not consider extrinsic . . . evidence to change the plain meaning set forth in the contract." *Spring Lake NC, LLC v. Figueroa*, 104 So. 3d 1211, 1214 (Fla. 2d DCA 2012) (quotation marks omitted).  "It is [also] fundamental that in construing a contract, the intention of the parties must be determined from examination of the whole contract[.]"  *Cali v. Meadowbrook Lakes View Condo. Ass'n B Inc.*, 59 So. 3d 363, 367 (Fla. 4th DCA 2011) (quotation marks omitted).

Against this backdrop, the Court turns to Defendant's motion.

## DISCUSSION

Defendant argues that Plaintiffs lack standing because the Massolls assigned only the insurance *claim* to Plaintiffs—not the *policy*.  And because the policy names the Massolls, Plaintiffs cannot sue Defendants for breaching the contract.  Defendant does not stop there.  It also relies on the Agreement's plain language.  According to Defendant, the Massolls agreed to (1) pursue the insurance claim and a new roof; (2) have Universal Contracting of Florida be paid for a new roof; (3) give Plaintiffs any money it may receive from Defendant; and (4) "sign the Assignment of Benefits and Contract for Services in favor of Universal Contracting of Florida . . . without any representations on whether the Insurance coverage is assignable or needs to be pursued by assignor."  (Doc. 56 at 7-8).  Based on this language, Defendant argues the Agreement (at most) shows the Massolls promised to reimburse Plaintiffs if they collected any insurance money.  According to

Defendant, reimbursement does not equal an assignment of the policy's benefits.  Last, Defendant asserts the Massolls maintained control of their insurance benefits so they could later assign them to Universal Contracting of Florida.

Plaintiffs stand by the Agreement.  Although they concede the Agreement intended to "assign the benefits from the insurance *claim*," Plaintiffs maintain the Massolls did not intend to retain control over an assignment to Universal.  (Doc. 56 at 7 (emphasis added)).  They also argue the Agreement memorializes the Massolls' willingness to help Plaintiffs pursue the insurance benefits and claim.

After careful review of the parties' arguments, record, and applicable law, Plaintiffs lack standing to sue Defendant for breach of contract.  Plaintiff have no direct rights under the policy.  The Massolls—not Plaintiffs—are the named insureds.  And Plaintiffs did not own the home when the hurricane damaged the roof.

Plaintiffs also have no indirect rights through the Agreement.  The Agreement is limited in scope.  As plainly written, it ensures the Massolls reimburse Plaintiffs with any insurance money they collect.  It discusses the insurance claim only, without mentioning a further assignment of the policy.  Without an assignment of the policy, Plaintiffs have not suffered an injury-in-fact to have a legally protected interest in this suit.  The Court thus dismisses the Complaint without prejudice for lack of standing.  *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

Accordingly, it is now

**ORDERED:**

5

(1) Defendant AIG Property Casualty Company's Motion to Dismiss the Complaint for Lack of Standing (Doc. 46) is **GRANTED**.  The above-captioned case is dismissed without prejudice.

(2) The Clerk is **DIRECTED** to enter judgment, terminate any deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record